UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| NATHAN GRIFFITH, ET AL. | : | DOCKET NO. 09-00567 |
| VS. | : | JUDGE MINALDI |
| STATE FARM FIRE & CASUALTY CO., ET AL. | : | MAGISTRATE JUDGE KAY |

MEMORANDUM ORDER

Pending before the court is the plaintiffs' Motion to Remand this suit to the Thirty-Eighth

Judicial District Court, Cameron Parish, Louisiana.  Doc. 5.  For the following reasons, the

Motion to Remand is DENIED.

I. *Background*

Plaintiffs to this action are spouses allegedly insured by defendant State Farm Fire and

Casualty Company (State Farm) under a Farm/Ranch Policy that covered their home and the

property on which it was located in Cameron Parish (hereinafter "the property").  Doc. 1-1, ¶ 3.

Plaintiffs allege that the property was completely destroyed by Hurricane Ike, and State Farm has

failed to pay the full amount due under their policy.  *Id.* at ¶¶ 7, 12.  Plaintiffs also name as

defendant their State Farm agent, Rick Fitts (Fitts).  *Id.* at ¶ 18.  Plaintiffs allege that Fitts was

negligent in: 1) failing to acquire proper coverage for flood damage; 2) failing to advise as to the

thirty-day waiting period associated with obtaining flood coverage after it is purchased; and 3)

accepting payments for flood coverage without binding such coverage properly.  *Id.* at ¶ 21.

Plaintiffs filed their action on February 18, 2009, in the Thirty-Eighth Judicial District Court,

Cameron Parish, Louisiana.

On April 2, 2009, defendant State Farm removed this action to federal court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.  Doc. 1.  State Farm alleges that the plaintiffs' claims are in excess of $75,000, thereby satisfying the amount in controversy requirement.  *Id.* at ¶ 8.  State Farm also alleges that there is complete diversity between plaintiffs, citizens of Louisiana, and State Farm, a citizen of Illinois.  *Id.* at ¶ 9.

State Farm further alleges in its Notice of Removal that defendant Fitts' citizenship should be ignored for purposes of diversity jurisdiction because Fitts has been improperly joined in this matter.  *Id.* at ¶ 14.  Specifically, State Farm alleges plaintiffs requested and subsequently rejected flood insurance quotes on three separate occasions, and flood insurance was not procured prior to Hurricane Ike due to such refusals.   *Id.* at ¶¶ 20-22.  Moreover, State Farm alleges that plaintiffs were informed of the National Flood Insurance Policy's (NFIP) thirty-day waiting period when their different quotes were obtained.  *Id.* at ¶ 23.  State Farm claims that plaintiffs' flood policy was "written as requested" on September 5, 2008, as that was the date plaintiffs paid the premium.  *Id.* at ¶ 25.  State Farm further asserts that plaintiffs are deemed to have knowledge of the NFIP's waiting period and all other provisions under the NFIP; and, even if Fitts misrepresented to plaintiffs the effective date of the policy, reliance on such misrepresentation by plaintiffs was unreasonable because of their constructive knowledge.  *Id.* at ¶ 37-38.  Thus, State Farm argues defendant Fitts was improperly joined and removal is proper because plaintiffs "do not stand a reasonable probability of prevailing under Louisiana law" against Fitts.  *Id.* at ¶ 40.

On April 30, 2009, plaintiffs filed the subject Motion to Remand.  Doc. 5.  In their Memorandum in Support, plaintiffs argue that they have stated a cause of action against defendant Fitts because Fitts's independent negligence and misrepresentations contributed to

plaintiffs' denial of flood insurance coverage.  Doc. 7.  As to the alleged misrepresentations by defendant Fitts, plaintiffs concede that an insured party is presumed to know the law as to the NFIP.  However, plaintiffs argue that agents and adjusters are deemed to a have a higher understanding of the law due to their extensive education, training, and experience.  Thus, plaintiffs claim that agents and adjusters are prohibited from taking advantage of others by misrepresenting the terms and conditions of the NFIP.  Additionally, plaintiffs' Memorandum in Support contains several factual allegations not included in the original Petition for Damages.  Specifically, plaintiffs allege defendant Fitts: lost plaintiffs' elevation certificate, quoted plaintiffs an incorrect premium, and "constantly reassured" plaintiffs that their home would have flood coverage upon payment of their premium.  Plaintiffs argue that these actions resulted in a delay in obtaining and subsequent loss of flood insurance coverage.  However, plaintiffs concede in plaintiff Nathan Griffith's affidavit that payment for the agreed upon flood coverage was not remitted until September 5, 2008.  Doc. 7-1.

On May 15, 2009, defendant State Farm filed its opposition to remand reiterating many of the same arguments made in its Notice of Removal.  Doc. 9.  Additionally, State Farm asserts that new factual allegations made by the plaintiffs in their Memorandum in Support should be disregarded by the court.  In support of this assertion, State Farm argues that the court must determine its jurisdiction based upon the plaintiffs' initial pleadings at the time of removal, not upon new theories of liability submitted by the plaintiffs in support of their Motion to Remand.

On May 20, 2009, plaintiffs filed a reply restating their position from the Petition for Damages and Memorandum in Support.  Doc. 11.  In response to State Farm's contention in the Memorandum in Opposition that plaintiffs have set forth new theories of liability that cannot be considered by the court, plaintiffs argue that they have merely set forth additional facts that

support their theory of fault against defendant Fitts.  Thus, plaintiffs argue that the allegations contained in the original petition have not changed, but that additional facts have been developed in discovery and highlighted to support said allegations.

Oral argument on the Motion to Remand was heard on June 19, 2009.  At argument plaintiffs conceded that the NFIP was plaintiffs only option for obtaining flood insurance. Plaintiffs argued that defendant Fitts misrepresented to plaintiffs the effective date of their flood coverage, representing the effective date to be June 18, 2008.  Plaintiffs alleged Fitts failed to advise them of the NFIP's thirty-day waiting period.  Finally plaintiffs argued that they relied on this misrepresentation to their detriment.[1],[2]

At oral argument, defendant State Farm agreed with plaintiffs that there are no alternatives for obtaining flood insurance other than the NFIP.  As to defendant Fitts alleged failure to advise of the NFIP's thirty-day waiting period, State Farm suggested that case law establishes that insured parties are presumed to have knowledge of the NFIP's provisions, including the thirty-day waiting period.  Even if there was a misrepresentation as to the policy's effective date, State Farm argued that the cases establish that plaintiffs' reliance on any such misrepresentation was unreasonable.  Given that plaintiffs waited until September 5, 2008, to pay the premium on their flood policy, State Farm argued that defendant Fitts was unable to do anything to bind the policy prior to Hurricane Ike because of the thirty-day waiting period mandated by the NFIP.  Additionally, defendant State Farm suggested that, even if plaintiffs had been informed of the thirty-day waiting period on September 5, 2008, plaintiffs could not have

---

[1] At oral argument, plaintiffs conceded that they first requested quotes for flood insurance on June 18, 2008. Plaintiffs also conceded that they received the quote for their selected flood coverage on July 18, 2008, yet chose to wait until September 5, 2008 to purchase this coverage.  However, plaintiffs argued they would have paid their premium earlier had they not been misinformed by Fitts that the effective date of the policy was June 18, 2008.
[2] At oral argument, plaintiffs conceded that other allegations as to the liability of Fitts made in their petition lacked merit.

done anything differently because the NFIP's terms determined October 5, 2008, to be the first day the policy would be effective. Moreover, State Farm argued that plaintiffs' post-removal allegations, that defendant Fitts provided plaintiffs with an incorrect quote and lost plaintiffs' elevation certificate, should be ignored by the court because said allegations were not set forth in plaintiffs' Petition for Damages.

## II.  *Analysis*

Defendant State Farm argues that plaintiffs have improperly joined defendant Fitts.  State Farm removed this action to this court, on the basis of such improper joinder.  On removal of an action to federal court, it is the removing party's burden to prove that the court has jurisdiction to hear a claim.  *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).  If removal is based on the claim that non-diverse parties have been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or "an inability of the plaintiff to establish a cause of action against the nondiverse party in state court."  *Smallwood v. Ill. Cent. R.R. (Smallwood II)*, 385 F.3d 568 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)).

### A.  *Standard of Review*

When a court considers whether a defendant has established improper joinder due to the inability of the plaintiff to establish a cause of action against the allegedly improperly joined party in state court, the court must determine whether the removing defendant has demonstrated that there is no possibility of recovery by the plaintiff against the defendant alleged to be improperly joined.  *Smallwood II*, 385 F.3d at 573.  "If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved then there is no fraudulent joinder.   This *possibility, however, must be reasonable*, not merely theoretical."

*Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (emphasis in *Travis*; internal citations and quotations omitted)).

To determine whether a non-diverse defendant has been improperly joined to defeat diversity jurisdiction, courts should "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). However, "the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard." *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 333-34 (5th Cir. 2004). Even under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 633 (5th Cir. 2000). "As with a summary judgment motion, in determining diversity the mere assertion of 'metaphysical doubt as to the material facts' is insufficient to create an issue if there is no basis for those facts." *Jernigan*, 989 F.2d at 816 (footnote omitted, citing *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)). Also similar to a motion for summary judgment: "[w]e resolve factual controversies in favor of the nonmoving party, but *only* when there is an actual controversy, that is, when *both* parties have submitted *evidence* of contradictory facts. *We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Badon v. RJR Nabisco, Inc. (Badon I)*, 224 F.3d 382, 393 (5th Cir. 2000) (citing *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc) (first sentence emphasis added)).

Because there is no alleged fraud in this case, this court must determine whether the removing defendant [State Farm] has demonstrated that plaintiffs have "no possibility of

recovery" against the in-state, non-diverse defendant, *i.e.* that there is "no reasonable basis" for the district court to predict that the plaintiffs might recover against the in-state, non-diverse defendant [Fitts].  *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 385 (5th Cir. 2009) (citing *Smallwood II*, 385 F.3d at 573).

B.  *Whether Plaintiffs May Prevail Against Fitts on a Negligent Misrepresentation Claim*

Plaintiffs allege that defendant Fitts negligently failed to advise plaintiffs of the NFIP's thirty-day waiting period.  Defendant State Farm disputes this allegation.  Even assuming that Plaintiffs were not advised of the thirty-day waiting period, "all citizens are charged with the knowledge of the law regarding federal insurance programs." *Larmann v. State Farm Ins. Co.,* 2005 WL 357191, *4 (E.D. La. Feb. 11, 2005) (citing *Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380, 385, 68 S. Ct. 1, 3, 92 L. Ed. 10 (1947)).  The terms of policies issued under the NFIP are published in the Code of Federal Regulations.  Thus, insured parties have "an additional outlet…to turn to obtain information about the terms of the policy." *Richmond Printing LLC v. Director Federal Emergency Management Agency*, 72 Fed.Appx. 92, 98 (5th Cir. 2003) (unpublished).  The terms and conditions of the NFIP specifically state that flood insurance coverage becomes effective "upon the expiration of the 30-day period beginning on the date that all obligations for such coverage (including completion of the application and payment of any initial premiums owed) are satisfactorily completed."  42 U.S.C. § 4013(c)(1).  Insured parties are deemed to have constructive knowledge of the terms and conditions of the NFIP "regardless of actual knowledge of what is in the regulations or of the hardship resulting from ignorant innocence." *Larmann*, 2005 WL 357191, *5 (citing *Federal Crop Ins. Corp.*, 332 U.S. at 385, 68 S. Ct. at 3, 92 L. Ed. 10).

In *Coats v. Reboul*, 2008 WL 89647, *3 (E.D. La. Jan. 7, 2008), the district court considered whether an agent can be found negligent for failing to advise of the NFIP's thirty-day waiting period.  The court determined the agent could not, holding instead that "[p]laintiffs were responsible for knowing that an untimely remittance of a flood insurance premium would result in a 30 day lapse in coverage under 44 C.F.R. § 61.11(c) . . . . [A] reasonable jury could not find that Reboul failed to advise the plaintiffs that coverage would not take effect for thirty days beyond the date of the untimely payment."  The thirty-day lapse in coverage referenced in *Coats* is analogous to the thirty-day waiting period in the instant matter.  As in *Coats*, here there is "no reasonable basis" for the court to predict that plaintiffs might recover against defendant Fitts for the alleged failure to advise of the thirty-day waiting period. Plaintiffs are deemed to have constructive knowledge of the thirty-day waiting period and all other provisions under the NFIP.

At oral argument, plaintiffs suggested defendant Fitts misrepresented the terms of the NFIP by leading plaintiffs to believe that flood insurance coverage would be retroactive to June 18, 2008, the date plaintiffs first requested a flood insurance quote from Fitts.  Two cases of note deal with alleged misrepresentations of the terms and conditions of the NFIP by insurance agents or adjusters.  In *Richmond Printing LLC*, 72 Fed.Appx. at 92-94, plaintiff Richmond Printing, Inc. (Richmond) brought suit against several private insurance adjusters for fraudulent and negligent misrepresentation, alleging that they misrepresented to plaintiff the process for filing a claim under a NFIP flood policy in contradiction to the policy's proof of loss provisions.  The court stated that "the insured has a duty to read and understand" the terms of a policy issued under the NFIP.  *Id.* at 98.  Moreover, the court held that even if the private insurance adjusters made "material misstatements that contradicted the proof of loss provisions of the SFIP, Richmond acted unreasonably as a matter of law in relying on those statements."  *Id.* at 97.

In *Larmann*, 2005 WL 357191, *1, plaintiffs brought suit against their insurance company, State Farm Insurance Company, and their insurance agents, Robert Lewis, Carl Mixon, and Linda Collins (hereinafter "the agents"), alleging that the agents negligently misrepresented the extent of the plaintiffs' coverage under the NFIP when agents "assured them that their home was sufficiently covered for the lower levels of their house."  The court stated that the insured is charged with the constructive knowledge of the provisions of the NFIP "regardless of actual knowledge of what is in the regulations or of the hardship resulting from ignorant innocence." *Id.* at *5 (citing *Federal Crop Ins. Corp.*, 332 U.S. at 385, 68 S. Ct. at 3, 92 L. Ed. 10).  Given such constructive knowledge, the court reasoned that "[a]ny reliance by the plaintiffs on the misrepresentations of the Agents is 'unreasonable as a matter of law.'"  *Id.* (citing *Richmond Printing LLC,* 72 Fed.Appx. at 98).

Both *Richmond Printing LLC* and *Larmann* stand for the proposition that defendant Fitts should not be held liable for any alleged misrepresentations made by Fitts as to the terms and conditions of plaintiffs' flood policy under the NFIP, as any reliance on such representations by plaintiffs is "unreasonable as a matter of law."  *Id.*  Plaintiffs suggest that Fitts assured them that their coverage would be retroactive to June 18, 2008.  It is true that any such assurances would be in derogation of the terms and conditions of the NFIP, which states that flood insurance coverage becomes effective "upon the expiration of the 30-day period beginning on the date that all obligations for such coverage (including completion of the application and payment of any initial premiums owed) are satisfactorily completed."  42 U.S.C. § 4013(c)(1).  However, the preceding case law establishes that plaintiffs would be unreasonable in relying on such representations, given their constructive knowledge of the terms and conditions of the NFIP.  In Louisiana, one of the necessary elements that must be proven to establish a claim for negligent

misrepresentation is "justifiable reliance on the misrepresentation" by the plaintiff. *Abbott v. Equity Group, Inc.*, 2 F.3d 613, 625, n.38 (5th Cir. 1993). Thus, given that plaintiffs' reliance on Fitts representations does not appear to be reasonable or justifiable, there is "no reasonable basis" for the court to predict that plaintiffs might recover against defendant Fitts on this negligent misrepresentation claim.

It is well established in the record that plaintiffs did not agree to the terms of their flood policy until September 5, 2008. On that date, plaintiffs finally paid their premium and completed their application for flood coverage. Given plaintiffs' choice to defer purchasing their policy until September 5, 2008, and the mandatory waiting period under the NFIP, defendant Fitts was powerless to procure and bind the coverage before the thirty-day waiting period expired on October 5, 2008. As plaintiffs' insurance agent, Fitts was required to exercise "reasonable diligence in attempting to place the insurance requested" by plaintiffs. *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730-31 (La. 1973). Fitts exercised reasonable diligence by placing the requested flood coverage on September 5, 2008, but was powerless to bind the policy at that time given the terms of the NFIP stated above.

Given the preceding analysis, there is "no reasonable basis" for predicting that defendant Fitts will be held liable under state or federal law for any of the claims asserted by plaintiffs in their Petition for Damages. *In re 1994 Exxon Chemical Fire*, 558 F.3d at 385 (citing *Smallwood II*, 385 F.3d at 573). Since there is not a reasonable basis for predicting that state law might impose liability based on the allegations in the petition, joinder based on those allegations is improper. *Travis*, 326 F.3d at 648.

C.  *Allegations Against Fitts Not Made in Plaintiffs' Complaint*

In their Memorandum in Support of the Motion to Remand and in oral argument, plaintiffs assert several new allegations not contained in the original Petition for Damages. Specifically, plaintiffs argue that, in the process of obtaining flood insurance quotes for the property, defendant Fitts lost plaintiffs' elevation certificate, resulting in a delay in obtaining coverage.  Additionally, plaintiffs allege that Fitts "constantly reassured" plaintiffs that their home would have flood coverage upon payment of their premium; and thus, plaintiffs were justified in believing they were insured against flood damage upon paying said premium.  Doc. 7, at 3.  Plaintiffs further claim that Fitts, through a repeated pattern of incompetence, charged plaintiffs an incorrect premium for flood insurance, resulting in the reformation of their policy and the loss of coverage against the flood damage suffered during Hurricane Ike.

These new allegations cannot be considered by the court in its evaluation of whether the plaintiffs have a reasonable basis for recovering against defendant Fitts in a Louisiana court, because they were made following removal.  *Tedder v. F.M.C. Corp.,* 590 F.2d 115, 116 (5th Cir. 1979) ("Whether the case was properly removed is determined by reference to the allegations in a plaintiff's state court pleading.") (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S. Ct. 347, 349, 83 L. Ed. 334 (1939)); *see also Ahrens v. TPLC, Inc.,* 955 F.Supp. 54, 56 (E.D. La. Feb. 10, 1997).

III.  *Conclusion*

In accordance with the foregoing, plaintiffs' Motion to Remand [Doc. 5] is denied. Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72(a), a party may object to this order on the grounds that it is clearly erroneous or contrary to law within 14 days of service.

Additionally, in conjunction with this Order, the undersigned will file a Report and Recommendation to the district judge recommending that defendant Fitts be dismissed from this action.

THUS DONE AND SIGNED in Chambers in Lake Charles, Louisiana, this 14th day of January, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE